**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence E. Schwanke, | No. CV-25-01759-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| SimonMed Imaging LLC, | |
| Defendant. | |

Plaintiff Lawrence E. Schwanke brought this lawsuit against Defendant SimonMed Imaging LLC. Doc. 1. SimonMed moves to dismiss for failure to state a claim. Doc. 13. The motion is fully briefed and no party requests oral argument. Docs. 13, 17, 20. For the reasons stated below, the Court will deny the motion.

**I.    Background.**

Schwanke is a chiropractor practicing out of Florida. Doc. 1 ¶¶ 9, 17. He uses a fax machine in his practice. *Id.* ¶ 34. Between September 17, 2024, and January 24, 2025, Schwanke received at least seven unsolicited faxes from SimonMed Imaging LLC. *Id.* ¶¶ 3, 18. These faxes either communicated the commercial availability and pricing of medical services offered by SimonMed or invited Schwanke to symposia that would include information about SimonMed's commercially offered services. *Id.* ¶¶ 22-32. Schwanke did not request the faxes or give SimonMed permission to send them. *Id.* ¶ 33. Nor did any of the faxes sent by SimonMed provide an opt-out notice giving Schwanke the opportunity to decline future faxes. *Id.* ¶ 7.

Schwanke brings this class action alleging violations of the Telephone Consumer Protection Act (TCPA). *Id.* ¶ 78. SimonMed moves to dismiss for failure to state a claim, arguing the faxes were not "advertisements" under the governing law. Doc. 13.

**II.     Legal Standard.**

Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when a complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court treats all allegations of material fact in the complaint as true and construes them in the light most favorable to Plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

The TCPA prohibits sending "an unsolicited advertisement" to a fax machine unless there is "an established business relationship" between the sender and recipient, among other conditions not relevant here. 47 U.S.C. § 227(b)(1)(C).[1] The term "unsolicited advertisement" means "any material advertising the commercial availability . . . of any property, goods, or services" transmitted to the recipient without his invitation or permission. *Id.* § 227(a)(5). "To be commercially available" under the TCPA, "a good or service must be available to be bought or sold (or must be a pretext for advertising a product that is so available)." *N.B. Indus., Inc. v. Wells Fargo & Co.*, 465 F. App'x 640, 642 (9th Cir. 2012). When faced with a TCPA claim, the Ninth Circuit has guided lower courts to

---

[1] The TCPA additionally mandates that faxes provide "a cost-free mechanism for a recipient to transmit a request" opting out of future unsolicited advertisements. *See id.* § 227(b)(2)(D). Schwanke alleges SimonMed violated this provision of the TCPA (Doc. 1 ¶¶ 63-64, 71), but this is not at issue in the motion to dismiss.

1  "approach the problem with a measure of common sense."  *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012).

**III.    The Motion to Dismiss.**

SimonMed does not dispute the faxes it sent Schwanke were "unsolicited" and that there was no "established business relationship" between the parties.  Instead, SimonMed argues the faxes were not "advertisements" under the TCPA, where (1) the faxes inviting Schwanke to the symposia were "informational communications" that merely sent information on "topics of interest" to Schwanke, and (2) the faxes communicating the commercial availability and pricing of SimonMed's services were directed at Schwanke's patients, not Schwanke, and thus were not advertising to him.  Doc. 13 at 6, 11-12.

**A.    The Symposia Faxes**.

SimonMed relies on an interpretation by the Federal Communications Commission (FCC) – the agency charged with interpreting the TCPA – to contend the faxes inviting Schwanke to the symposia were not advertisements but "informational communications." *Id.* at 11.  The FCC explained that a fax "contain[ing] only information, such as industry news articles, legislative updates, or employee benefit information, would not be prohibited by the TCPA rules." *Id.* at 6-7 (quoting 71 Fed. Reg. 25967, 25974 (May 3, 2006)).

A district court "is not bound by the FCC's interpretation of the TCPA," but the FCC interpretation does not support SimonMed even if the Court applies it.  *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025).  The faxes inviting Schwanke to the symposia did not "contain only information" about the symposia. 71 Fed. Reg. 25967, 25974.  They also requested Schwanke's attendance.  *See* Docs. 1-1 at 2-3 ("Please join us for a Symposium"), 1-2 at 2 (same), 1-3 at 2 (same), 1-4 at 2 ("Please join us for a premier gathering"), 1-5 at 2 (same).  One fax even provided a promotional code reducing the cost of attending the symposium.  Doc. 1-4 at 2 ("[R]eceive a 25% discount using coupon code EarlyBird22225").  By inviting and enticing Schwanke's attendance, the faxes went beyond containing "only information" and could be viewed as a pretext for marketing SimonMed's services and thus having a "commercial purpose."

*See Eric B. Fromer Chiropractic, Inc. v. Si-Bone, Inc.*, No. 19-CV-00633-LHK, 2019 WL 3577050, at *7 (N.D. Cal. Aug. 5, 2019) (finding a fax had a "commercial purpose" where the plaintiff alleged "the Fax invited Plaintiff to an 'educational dinner' as a pretext for Defendant to sell its products as 'part of an overall marketing campaign for Defendants' [sic] goods and services'" (citation omitted)).

SimonMed attempts to analogize to the Ninth Circuit case *N.B. Industries, Inc.*, which can easily be distinguished. 465 F. App'x 640. In *N.B. Industries, Inc.*, the fax invited the recipient to a conference presenting a "Leadership Award," which was not "available for sale" and thus not "commercially available." *See id.* at 642. Here, the faxes invited Schwanke to symposia where SimonMed presented on its services, which were "available for sale" and thus "commercially available." *See* Doc. 17 at 7, 10-11. Unlike *N.B. Industries*, the faxes inviting Schwanke can reasonably be viewed as a pretext for advertising SimonMed's medical services. *See N.B. Indus., Inc.*, 465 F. App'x at 642 (explaining a fax violates the TCPA when it is "a pretext for advertising" the "commercial availability" of a product or service). Under the Rule 12(b)(6) standard, Schwanke has alleged facts sufficient for the Court reasonably to infer the faxes inviting Schwanke to the symposia satisfy the "unsolicited advertisement" standard set forth by the Ninth Circuit. *See id.* at 642.[2]

**B.    The Medical Services Faxes**.

Turning to the faxes communicating the commercial availability and special pricing of SimonMed's medical services, SimonMed argues that "[b]ecause the faxes are not attempting to solicit the recipient [Schwanke] into making a purchase, they are not unlawful advertisements under the TCPA." Doc. 13 at 11. SimonMed relies on a standard set forth by the Third Circuit. *See* Doc. 13 at 6 (arguing "the fax must convey the impression to its recipient that a seller is trying to make a sale to him" (quoting *Mauthe v.*

---

[2] SimonMed additionally relies on interpretations of the TCPA by other circuits. *See, e.g.*, Doc. 13 at 7 (arguing "[t]he possibility that future economic benefits will flow from a non-commercial fax, ancillary to the content of the fax, is legally irrelevant to determining whether the fax is an ad" (quoting *Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 225 (6th Cir. 2015))). The Court will not rely on this out-of-circuit precedent.

*Nat'l Imaging Assocs., Inc.*, 767 F. App'x 246, 249 (3d Cir. 2019))). But the TCPA does not require a fax to solicit the recipient to make a purchase. Nor does it require a fax to solicit an appropriate recipient, as suggested by SimonMed. *See* Doc. 20 at 8 ("Plaintiff has not, and cannot, allege that faxes about mammograms and cardiovascular imaging sent to a chiropractor's office would result in some benefit to SimonMed."). The TCPA requires a fax to "advertis[e] the commercial availability" of a product, good, or service. 47 U.S.C. § 227(a)(5).

The faxes in this case advertised both the special pricing and commercial availability of SimonMed's services. *See* Docs. 1-1 at 2-3 ("SimonMed is offering $99 3D Screening Mammograms"), 1-6 at 2 ("360-Degree analysis of . . . heart attack risk for $350!"; "SimonMed Florida Locations: Special Pricing All Month!"; "SPECIAL FEBRUARY PRICING!"; "LIFESAVING CCTA EXAMS NOW AVAILABLE FOR ONLY $360!"; "[W]e are offering patients $360 CCTA Exams throughout the entire month of February!"), 1-7 at 2-3 ("February Special $50"; "SELF PAY PRICE $50"; "Same Day & Next Day Appointments for 3D Screening Mammograms"; "Extended hours and weekend appointments available in some locations"). These faxes "advertise the commercial availability" of SimonMed's services to Schwanke and thus constitute "advertisements" under the TCPA. 47 U.S.C. § 227(a)(5).

Applying "a measure of common sense" as instructed by the Ninth Circuit, *Chesbro*, 705 F.3d at 918, confirms this result. SimonMed's faxes quite clearly sought to solicit his patients' business through procuring Schwanke's endorsement. *See Eric B. Fromer Chiropractic, Inc.*, 2019 WL 3577050, at *6 (finding a fax had a "commercial purpose" where "[t]he Fax was also sent to Plaintiff, a chiropractic corporation, which could inform patients with SI joint pain about Defendant's products"). Schwanke has alleged sufficient facts for the Court reasonably to infer the faxes were "unsolicited advertisements" under the TCPA. 47 U.S.C. § 227(a)(5). The Court will deny the motion to dismiss.

///

///

1    **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 13) is **denied**. The
2 Court will set a case management conference by separate order.
3    Dated this 27th day of October, 2025.

David G. Campbell
Senior United States District Judge